

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK CANTRELL, | No. 09-16187 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00846-FJM |
| v. | |
| JOSEPH M. ARPAIO, Sheriff, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Jack Cantrell, a former Arizona pretrial detainee, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

Amendment violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision to grant or deny summary judgment, *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005), and its dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and review for clear error its factual determinations, *id*. We affirm.

The district court properly granted summary judgment for defendant and denied Cantrell's motion for summary judgment, on Cantrell's deliberate indifference claim, because Cantrell failed to raise a genuine issue of material fact as to whether defendant knew that Cantrell was housed with an inmate who had an alleged staph infection. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable [for deliberate indifference] unless the official knows of and disregards an excessive risk to inmate health or safety."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

The district court properly dismissed Cantrell's claims alleging freezing conditions of confinement and an overcrowded and cockroach-infested holding cell because Cantrell did not complete the administrative appeals process in accordance with the administrative procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 90-91 (holding that "proper exhaustion" under § 1997e(a) cannot be satisfied

"by filing an untimely or otherwise procedurally defective administrative grievance or appeal," and requiring inmates to complete "all steps that the agency holds out").

Cantrell's remaining contentions are unpersuasive.

**AFFIRMED.**